James Fred GEDDES, Plaintiff

v.

Michael E. COX, et al., Defendants.

No. 90–3050–DES.

United States District Court,
D. Kansas.

March 11, 1995.

768

James Fred Geddes, Helena, OK, pro se.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, Joseph R. Shepack, Ellsworth, KS, and Kurt A. Level, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for defendants.

*MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on a civil rights action brought pursuant to 42 U.S.C. § 1983 by a person formerly incarcerated in the Meade County Jail, Meade, Kansas. Plaintiff alleges he was subjected to cruel and unusual punishment by the failure of jail officials to provide him with adequate medical care in a timely manner and by verbal abuse. Defendants have filed motions for summary judgment (Docs. 45, 48), and plaintiff has filed a response (Doc. 51). Having reviewed the record, the court makes the following findings and order.

*Factual Background*

Plaintiff was arrested for a state parole violation on November 29, 1989, and booked into the Meade County Jail. At that time, he completed a medical history form. The form does not reflect any current medical problems, prescription medications, or request to be seen by medical personnel. (Doc. 49, Ex. A.)

Plaintiff inquired about medical care on November 29, 1989, and on December 9, 1989, he advised defendant Cox of a 1983 diagnosis of pancreatitis. On December 9, 1989, plaintiff told the jail secretary he was having chills and asked for the heat to be turned up.

Following his request for medical care and a hunger strike of several days' duration, plaintiff was seen by a nurse on December 27, 1989, and by a physician on the following day. Plaintiff entered the Meade County Hospital on December 28, 1989, and was given an abdominal pancreas sonogram on that day. The results of this test were within normal limits. Plaintiff remained hospitalized until December 31, 1989, and was readmitted on January 1, 1990. He remained in the Meade County Hospital through January 3, 1990. Plaintiff's final diagnosis was pancreatitis, peptic disease, and a hiatal hernia with reflux.

According to plaintiff's treating physician, the condition of acute pancreatitis is not apparent to a lay person, and the medical treatment plaintiff received was adequate and timely. Plaintiff is not expected to have any

permanent damage from this illness. (Doc. 49, Ex. D.)

Plaintiff also alleges he was subjected to mental cruelty by a statement he attributes to defendant Cox that the plaintiff's medical care was more costly than funeral expenses would have been.

## Discussion

### Standard for granting summary judgment

 Summary judgment is appropriate only when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'-that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir.1990).

### Denial of medical care

 Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference to an inmate's health has been discussed most recently by the Supreme Court in *Farmer v. Brennan*, —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under *Farmer*, deliberate indifference occurs only where the defendant official is subjectively aware of the significant risk to the inmate and fails to take reasonable action to remove or reduce the risk. —— U.S. at ——, 114 S.Ct. at 1979. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988). Prison officials show deliberate indifference to such serious medical needs where they deny, delay, or intentionally interfere with medical care. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). However, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir.1992). Similarly, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir.1993).

 Examined in light of these standards, plaintiff's claim of cruel and unusual punishment for lack of medical care is not persuasive. Even viewed in the light most favorable to plaintiff, the facts of this matter suggest only that plaintiff's first requests for medical evaluation did not result in immediate treatment. According to the information supplied by his physician, plaintiff's condition did not reasonably suggest a serious medical need to defendants, and it seems clear defendants were responsive to plaintiff's hunger strike. Finally, there is no evidence in the record which suggests the plaintiff suffered substantial harm as a result of any delay in providing medical treatment.

### Offensive remarks

 It is settled in this Circuit that a claim of verbal abuse or harassment, without more, does not state a violation of any constitutional right and is therefore not a claim

cognizable under § 1983. *Collins v. Cundy,* 603 F.2d 825 (10th Cir.1979).

Accordingly, plaintiff's allegation of mental cruelty based on a remark made by a jail official concerning the cost of his medical care does not merit relief.

*Conclusion*

For the reasons set forth, the court finds no issue of material fact is presented by this action which might require a trial. The court finds the actions of defendants in providing medical to plaintiff did not reflect deliberate indifference to plaintiff's serious medical needs and further finds any comments concerning the cost of plaintiff's medical care do not give rise to a viable claim of constitutional dimension.

IT IS THEREFORE ORDERED defendants' motions for summary judgment are granted. This matter is hereby dismissed and all relief is denied.