

Larry Ledoux, pro se.

Jon P. Fleenor, Asst. Atty. Gen., Topeka, Kan., for defendants-appellees.

Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.[*]

BALDOCK, Circuit Judge.

Plaintiff-appellant Larry Ledoux appeals an order entering summary judgment in favor of Defendants-appellees Steven J. Davies, the former Secretary of Corrections for the State of Kansas, Raymond Roberts, the Deputy Secretary of Corrections and former Warden of Lansing Correctional Facility, and Robert Hannigan, the Warden of the Lansing Correctional Facility. Our jurisdiction arises under 28 U.S.C. § 1291.

On October 24, 1986, Plaintiff, who was an inmate at the Hutchinson Correctional Facility, injured his ankle when he slipped

**Larry LEDOUX, Plaintiff–Appellant**

v.

**Steven J. DAVIES, Secretary of Corrections; Raymond Roberts, Warden; Robert D. Hannigan, Warden, Hutchinson Correctional Facility, Defendants–Appellees.**

**No. 91–3355.**

United States Court of Appeals, Tenth Circuit.

April 24, 1992.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

on a wet gymnasium floor at the facility while playing basketball. Plaintiff was transferred to the Hutchinson Medical Center for treatment including an operation, and he subsequently received medication for the pain associated with his injury.

On April 30, 1991, Plaintiff filed the present action under 42 U.S.C. § 1983, alleging that his injury was caused by Defendants' negligent and willful failure to maintain the facility properly, that he was denied pain medication and treatment by a specialist, that Defendants subjected him to unnecessary pain by confining him in an upper cell thereby forcing him to climb stairs, and that Defendants were recklessly indifferent to his medical needs and the safety of the facility. The district court granted summary judgment in favor of Defendants, holding that Plaintiff's claims were barred by the two year statute of limitations governing § 1983 actions arising in Kansas. *See Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991). The district court further held that, to the extent that Plaintiff's claims of cruel and unusual punishment due to alleged deliberate indifference to his medical needs accrued within two years of the filing of the complaint, Plaintiff had failed to state a claim.

On the limitations issue, Plaintiff contends on appeal that he did not discover the fraud until April 1991; therefore, the statute of limitations is tolled until this time. However, Plaintiff offers no rational argument as to the nature of the fraud and how it inhibited him from discovering the constitutional violations he now alleges.

Plaintiff's arguments concerning Defendants' alleged deliberate indifference to his medical needs are similarly without merit. Plaintiff's contention that he was denied medication was contradicted by Plaintiff's own statement of uncontroverted facts that, according to his medical records, he was not denied any medication. Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is, as the district court correctly recognized, insufficient to establish a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("matter[s] of medical judgment" do not give rise to § 1983 claim); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir.1976) (same).

Finally, Plaintiff's claim that Defendants were deliberately indifferent to his medical needs by housing him in an upper level cell, thereby forcing him to climb stairs, is without evidentiary support in the record. Plaintiff's medical records indicate that his recommended treatment included permanent restriction of his use of stairs. We recognize that intentional interference with prescribed treatment may constitute deliberate. indifference. *Estelle*, 429 U.S. at 104–05, 97 S.Ct. at 291; *Martin v. Board of County Comm'rs of Pueblo County*, 909 F.2d 402, 406 (10th Cir.1990) (per curiam). However, Plaintiff has not met his evidentiary burden to support his claim that Defendants were deliberately indifferent to his prescribed. medical treatment when they housed him in an upper cell. *See Celotex v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (once party moving for summary judgment points out an absence of proof on essential element of nonmovant's case, burden shifts to nonmovant to provide evidence to the contrary). Defendants' motion for summary judgment incorporated a *Martinez* report which indicated that Plaintiff had failed to complain to prison administrators about the stairs. A *Martinez* report is treated like an affidavit. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). Plaintiff did not controvert the allegations of the *Martinez* report. Plaintiff's conclusory allegations are insufficient to put a material fact in dispute concerning Defendants' purpose in housing him in an upper level cell.

In *Gamble v. Estelle*, 554 F.2d 653 (5th Cir.) (per curiam), *cert. denied*, 434 U.S.

974, 98 S.Ct. 530, 54 L.Ed.2d 465 (1977), following remand from the Supreme Court, the Fifth Circuit held, on facts similar to the present case, that the plaintiff had failed to state a § 1983 claim against prison officials under the deliberate indifference standard. *Id.* at 654. The plaintiff there had alleged that his treating physician had ordered that he be moved from an upper to a lower bunk due to a back injury, and that prison authorities had not complied with this directive. 429 U.S. at 99, 97 S.Ct. at 288. Plaintiff's assertion that Defendants forced him to climb stairs is similarly unsupported in this case by any evidence.

Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED, and the district court's order granting summary judgment for Defendants is AFFIRMED.