**Louie R. MARTIN, Plaintiff,**

v.

**James R. SHOULTS, et al., Defendants.**

No. 93–3550–DES.

United States District Court,
D. Kansas.

May 9, 1995.

Louie Robert Martin, pro se.

Kevin D. Case, John J. Knoll, Office of Atty. Gen., Topeka, KS, defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Secretary of the Kansas Department of Corrections. Defendants have filed a motion for dismissal (Doc. 27), and plaintiff has filed a response (Doc. 30). Having examined the record, the court makes the following findings and order.

### Factual Background

During all times relevant to this action, plaintiff was incarcerated at the El Dorado Correctional Facility, El Dorado, Kansas ("EDCF"). On November 10, 1992, a correctional officer at EDCF saw three inmates in the facility gym who appeared to be in an altercation. After calling for assistance, the officer entered the gym to break up the fight. As the officer entered the gym, the door struck plaintiff in the back. The inmates involved in the fight, including plaintiff, were placed in restraints and escorted from the area.[1]

Plaintiff did not make any immediate complaint of pain, and the first request for medical attention came some ten days later, on November 20, 1992. Between that time and February 23, 1993, plaintiff submitted sick call slips complaining of back pain. He was prescribed pain medication and back exercises. For approximately five days in late November, plaintiff received no pain medication due to an error in filing the order. This was corrected upon his report on December 1, 1992. An x-ray of plaintiff's back taken in late November 1992 showed no bone injury or other lasting damage.

### Discussion

Plaintiff's complaint alleges he was denied due process by being unjustifiably touched by a correctional officer and was subjected to cruel and unusual punishment by deliberate indifference to his medical needs.

■ Plaintiff's complaint of improper physical contact stems from being hit by the gym door as the officer responded to the altercation there. A correctional officer violates the Eighth Amendment when force is applied "maliciously and sadistically to cause harm" rather than in a "good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The force applied must be "wanton and unnecessary". *Id.*

■ In this case, the correctional officer struck plaintiff while responding to a fight. This action was obviously reasonable, and there is no evidence which reasonably suggests the officer intentionally struck plaintiff with the door. The court finds no plaintiff suffered no deprivation of a constitutional right when he was accidentally hit by the door.

Plaintiff also alleges he was subjected to constitutionally inadequate medical care.

■ Generally, prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988). Prison officials show deliberate indifference to such serious medical needs where they deny, delay, or intentionally interfere with medical care. *Wood v. Housewright*,

---

1. As a result of his participation, plaintiff was issued a disciplinary incident report for fighting. After an administrative hearing, he was found guilty of the lesser charge of disruptive behavior. This decision was affirmed on administrative appeal.

900 F.2d 1332, 1334 (9th Cir.1990). However, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir.1992). Similarly, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir.1993).

The record before the court demonstrates plaintiff was provided with prompt medical care in response to his complaints of back pain and numbness, which included medication, exercise, and examinations. There is no evidence defendants showed deliberate indifference to plaintiff's complaints, and the court finds he is entitled to no relief on this claim.

IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief is denied.