## UNITED STATES COURT OF APPEALS
**Filed 6/24/96**
### TENTH CIRCUIT

JOE WILLIE JONES,

      Plaintiff - Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections; ROD CRAWFORD, Director
of Operations; WAYNE PHELPS,
Manufacturing Manager; MARTY
MORA, CIM II, Kansas Correctional
Industries; LEONARD L. EWELL,
Director of Administration,

      Defendants - Appellees.

No. 96-3059
(D.C. No. 96-3026-GTV)
(District of Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

Plaintiff Joe Willie Jones, a state prisoner, filed suit under 42 U.S.C. § 1983. He

alleged that defendants subjected him to cruel and unusual punishment out of deliberate

---

[*]At the parties' request, the case is unanimously ordered submitted without oral
argument pursuant to the applicable rules. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

indifference to his serious medical needs when they forced him to work at a strenuous job. The district court dismissed the complaint for failure to state a claim of constitutional dimension. The court also denied plaintiff leave to proceed in forma pauperis on appeal. Plaintiff now appeals and moves to proceed in forma pauperis.

Because plaintiff filed his notice of appeal before President Clinton signed the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321, _ (1996), into law, we determine his fee status on appeal without regard to that Act. White v. Gregory, No. 95-1215, slip op. at 3 (10th Cir., June 21, 1996). We grant plaintiff's motion to proceed in forma pauperis on appeal.

The district court concluded that plaintiff had merely "challenge[d] a matter of medical judgment concerning the restrictions necessary to accommodate his diagnosis," and, therefore, he failed to state a deliberate indifference claim. See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992) (a prisoner's disagreement with the judgment of medical personnel does not give rise to a claim of deliberate indifference). Plaintiff objects to the district court's characterization of his claim. He states that medical personnel properly restricted him from strenuous activity, but other corrections personnel failed to abide by that restriction when they required him to work.

We agree with the district court that plaintiff has failed to allege deliberate indifference to serious medical needs. Plaintiff admits in his complaint that medical personnel did not place any work restrictions on him; the restrictions only pertained to

sports.  Defendants did not "deny, delay, or intentionally interfere" with plaintiff's

medical care by requiring him to work.  See Wood v. Housewright, 900 F.2d 1332, 1334

(9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

We affirm the district court's dismissal of plaintiff's complaint.  The mandate shall

issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge