**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MONTY RAY HAYNES,

Plaintiff-Appellant,

v.

(NFN) KEPKA; L.E. BRUCE; R.
BIEBERLE, Correctional Officer;
DEBORAH S. BUTLER, Nurse,
Prison Health Care Services,

Defendants-Appellees.

No. 97-3174
(D.C. No. 94-3328-DES)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Monty Haynes, a state prisoner appearing pro se, appeals the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's order granting summary judgment in favor of defendants in this § 1983 civil rights action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Haynes entered the Ellsworth Correctional Facility in May 1994 on a parole violation. During his initial health care screening, he allegedly informed the nurses, including defendant Deborah Butler, that he suffered from ankylosing spondylitis, a chronic disease that results in fusion or stiffening of the spine. 1 Schmidt's Attorney's Dictionary of Medicine A-266 (17th ed. 1982). Haynes alleged Butler handled him in a "rough manner," "verbally patronize[ed] him for not responding to her abuse," and failed to accurately record information he conveyed regarding his disease. Record, Doc. 34 at 8.

On July 21, 1994, Haynes, accompanied by Officer Ron Bieberle, visited the health clinic because of acute pain in his left hip and lower back, allegedly due to his ankylosing spondylitis. Haynes was initially examined by Butler and then by Dr. Dennis Kepka. He was uncooperative in answering questions and Officer Bieberle ordered him to cooperate with Butler and Dr. Kepka. According to Haynes, he informed Kepka of his disease and told him he had been seen by a medical specialist who had prescribed a particular method of treatment. Haynes alleged Kepka chose not to follow that treatment method and ignored restrictions placed on Haynes, allowing him to work in a prison job that exceeded his physical

capabilities. Medical records indicate Haynes was prescribed anti-inflammatory medication and he was classified as a "Class 2 medical" with limitations and a twenty-five pound weight limit. In October 1994, he was reclassified as a "Class 3 medical" with bottom bunk privileges.

Haynes filed an internal grievance claiming he was denied proper medical treatment. Defendant L.E. Bruce, administrator of the Ellsworth Correctional Facility, rejected his grievance on August 2, 1994, stating:

> Dr. Kepka has diagnosed you as having degenerative arthritis, as you state you suffer from. As there is no cure for arthritis, Dr. Kepka chose to treat [your] condition with Meclomen, an anti-inflammatory medication. Dr. Kepka and the P.H.S. nurses have found no reason why you can not participate in a work assignment.

Haynes responded by filing this action on August 12, 1994, claiming defendants acted with deliberate indifference to his medical needs and thereby violated his Eighth Amendment rights. Defendants filed a Martinez report and filed motions for dismissal and/or summary judgment. The district court granted summary judgment in favor of defendants on May 21, 1997.

We review a grant of summary judgment de novo and apply the same standards as the district court. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe the evidence and its reasonable inferences in the light most favorable to the non-movant.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Although a Martinez report was ordered by the district court and was relied upon by defendants, it cannot be used to resolve factual disputes. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). Thus, in reviewing whether summary judgment was proper, we credit Haynes' version of events.

We have carefully reviewed the record and conclude Haynes' claim of constitutionally inadequate medical treatment is insufficient as a matter of law. To survive summary judgment, a claim under the Eighth Amendment must show that the challenged state action has denied plaintiff "the minimal civilized measure of life's necessities" and that the state actors have shown "deliberate indifference" to plaintiff's needs. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Further, when a prisoner does in fact receive medical care, he has no Eighth Amendment claim based merely on his disagreement with the nature of the care provided. See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992). Here, the uncontroverted evidence demonstrates defendants responded to and investigated Haynes' complaints of physical pain but simply chose a different course of treatment. This does not demonstrate deliberate indifference on the part of defendants and is insufficient to state a valid claim of medical mistreatment

under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge