F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT C. LEWIS,

      Plaintiff-Appellant,

v.

JOSEPH BOOKER, JR., Warden,
United States Penitentiary,
Leavenworth; D. SHEPHERD,
Hospital Administrator, United States
Penitentiary, Leavenworth; P. K.
HILL, Clinical Director, United States
Penitentiary; F. W. APPLE, AW,
Operations,

      Defendants-Appellees.

No. 99-3092
(District of Kansas)
(D.C. No. 98-CV-3437)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

    After examining plaintiff's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

    [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, plaintiff, Robert Lewis, appeals the district court's dismissal of his civil rights complaint brought pursuant to 42 U.S.C. § 1983. Lewis' complaint contained an allegation that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. Additionally, Lewis claimed he was denied medical care in retaliation for his participation in a prison riot.

The district court dismissed Lewis' complaint holding that it failed to state a claim upon which relief may be granted. In its order, the district court set forth the reasoning underlying the dismissal. The district court concluded that Lewis, who disagreed with the course of treatment provided by prison personnel, challenged only matters of medical judgment and therefore, his complaint failed

to state a claim of constitutional dimension.[1] *See Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992).

Lewis has not introduced any evidence from which a deliberate indifference to his medical needs could be inferred. He has, in fact, provided documentation of the innumerable occasions on which he was seen by prison medical personnel over the course of a forty-three month period. Lewis, however, states his displeasure with the type and quality of the treatment he received. Differences of opinion regarding the medical treatment received do not violate a prisoner's constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

---

[1]Additionally, the district court held that Lewis' retaliation claim was barred by the statute of limitations because the two incidents he described both occurred outside the two year limitations period. Construing Lewis' *pro se* brief liberally, this court concludes Lewis has failed to raise his retaliation claim on appeal and it is, therefore, waived. *See Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992). Even if it had been properly raised, however, the district court correctly determined that the alleged acts occurred outside the limitations period. In § 1983 actions, the applicable statute of limitations is that of the state in which the federal court is located. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980). Under Kansas law, a § 1983 retaliation claim must be brought within two years after the cause of action accrued. *See* Kan. Stat. Ann. § 60-513(4). Both incidents of which Lewis complained occurred prior to November 15, 1996; his complaint was filed on December 28, 1998.

In his appellate brief, Lewis also claims the district court erred in not providing him the opportunity to amend his complaint to correct any deficiencies. A district court does not commit reversible error when it dismisses a complaint *sua sponte* without permitting the *pro se* litigant to amend the complaint if it is clear that the amendment would be futile. *See McKinney v. Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). Lewis does not reveal the additional information he would include in his complaint if allowed to amend it. However, in light of the overwhelming evidence in the record that Lewis received almost constant medical attention during the period in question, this court concludes that Lewis' complaint could not be amended in any way that would cure its substantive deficiencies.

Upon *de novo* review of Lewis' complaint and appellate brief, the district court's Order, and the entire record on appeal, this court **affirms** the district court's dismissal of Lewis' complaint for substantially those reasons set forth in the district court's order dated January 25, 1999.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge

-4-