**Freddie HOOKS, Sr., Plaintiff–Appellant,**

v.

**PRISON HEALTH SERVICES, Employees of Prison Health Services, Dental Assistant and PHS Nurses, unknown names, individual and official capacity; Ray Roberts, Warden, El Dorado Correctional Facility, individ-**

ual and official capacity; (FNU) Schull, Dentist for El Dorado Correctional Facility, individual and official capacity, Defendants–Appellees.

No. 01–3290.

United States Court of Appeals, Tenth Circuit.

April 23, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT***

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner 42 U.S.C. § 1983 civil rights appeal. Mr. Hooks seeks damages for dental treatment that caused pain, swelling, and infection and for subsequent medical care that was provided without a physical examination. Because Mr. Hooks did not show obvious or continuing physical injury as a result of his claim, the district court dismissed the complaint for failure to state a constitutional violation. Mr. Hooks appealed to this court.

Though Mr. Hooks' appeal was docketed after the Rule 4(a)(1)(A) deadline expired, Mr. Hooks mailed his notice of appeal before the expiration of the deadline. *See* Fed. R.App. P. 4(c)(1); *see also Houston v. Lack,* 487 U.S. 266, 275–76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (prisoner's docu-

ment deemed filed on the date delivered to prison officials for mailing). Therefore, we have jurisdiction.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We agree with the district court that the prison staff were not deliberately indifferent to Mr. Hooks' needs. At most, Mr. Hooks has a state court medical malpractice claim. *See Estelle,* 429 U.S. at 106–07; *Ledoux v. Davies,* 961 F.2d 1536 (10th Cir.1992). Therefore, after a thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's well-reasoned July 26, 2001 Order, we hold that no relief pursuant to 42 U.S.C. § 1983 is available to Mr. Hooks.

The decision of the trial court is **AFFIRMED**. Appellant's Motion for Appointment of Counsel is **DENIED**.

We remind Appellant that because his motion to proceed in forma pauperis on appeal was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.