**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CARL G. HACKER,

      Plaintiff-Appellant,

v.

WACKENHUT CORRECTIONAL
FACILITY, Wackenhut Correctional
Corporation; SANDRA ATWOOD,
Medical Administrator Inmate Health
Services; MARK FOGLE, Prison
Doctor Inmate Health Services;
DR. GREGSTON, Prison Doctor
Inmate Health Services; JOHN DOE,

      Defendants-Appellees.

No. 03-6197
(D.C. No. CV-02-577-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Carl Hacker, an Oklahoma state inmate proceeding pro se, appeals the district court's order adopting the magistrate judge's report and recommendation and granting summary judgment in favor of defendants.  Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint alleging defendants[1] were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  We construe plaintiff's pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and we affirm.

The magistrate judge's report and recommendation thoroughly and accurately sets forth the facts, which we only briefly repeat here.  Plaintiff alleges he began experiencing lower back pain on December 20, 2000, after carrying a food tray.  He was evaluated by a prison nurse on January 6, 2001 and by prison doctors on five occasions in January, February, and March, 2001.  Prison doctors recommended pain medication, which plaintiff refused.  Plaintiff was taken to an outside hospital for an orthopedic evaluation in May 2001.  The prison failed to get him to three hospital appointments on time, causing missed evaluations, but

_____

[1]     As noted by the magistrate judge, plaintiff named Wackenhut Correctional Corporation as a defendant but did not serve it or assert any claims against it in his complaint.  We find no error in the district court's dismissal of the complaint against this defendant.

took him to a rescheduled appointment in September 2001. An MRI was performed in October 2001 and plaintiff was given numerous epidural steroid injections and prescription medications for the next several months. The consulting physician's report recommended treatment of physical therapy and prescription medications.

In order for a plaintiff to succeed on a § 1983 claim for violation of the Eighth Amendment, he must show that the deprivation is "sufficiently serious," and that the prison officials acted with "deliberate indifference" to the inmate's health and safety. *Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996) (quotation omitted). Mere discomfort or temporary adverse conditions which pose no risk to health and safety do not implicate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). We review the grant of summary judgment de novo, viewing the facts of the case in the light most favorable to the plaintiff and giving him the benefit of every favorable inference. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*.

Plaintiff contends defendants were deliberately indifferent to his medical needs due to the delays in his treatment after his injury and the delays in the hospital referral. He further contends defendants were deliberately indifferent to his medical needs because they have denied him prompt access to elective back surgery.

We have reviewed the parties' pleadings and briefs, the record on appeal, the magistrate judge's comprehensive report and recommendation, and the district court's order, and considered them in light of the applicable law. For the reasons stated by the magistrate judge, we agree that plaintiff did not present any evidence demonstrating that any delay in medical care resulted from deliberate indifference to his medical needs, or that any delays caused him further injury or resulted in substantial harm. *See Sealock*, 218 F.3d at 1210-11 (holding that "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm"). We further agree with the district court that none of the medical records, treatment notes, or other evidence in the record indicate that any physician has recommended back surgery for plaintiff. Plaintiff's belief that he needed back surgery is insufficient to establish a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("matter[s] for medical judgment" do not give rise to an Eighth Amendment violation). Plaintiff has not met his evidentiary burden to support

his claim that defendants were deliberately indifferent to his medical needs or to his prescribed medical treatment. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992).

Appellant's supplemental brief, construed as a motion to file a supplemental brief, is granted. We AFFIRM the district court's summary judgment decision for substantially the same reasons articulated in the magistrate judge's May 27, 2003 Recommendation and the district court's July 15, 2003 Order. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge