**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GORDON EUGENE STROPE, a/k/a
Michael Lee Strope,

      Plaintiff–Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility; JASON
SUTTLEY, Officer, Lansing
Correctional Facility; TABOR
MEDILL, Counselor, Lansing
Correctional Facility; R. SUTTLES,
Counselor, Lansing Correctional
Facility; FRANK DORION, Kitchen
Manager, Lansing Correctional
Facility; DUANE MUCKENTHALER,
Counselor, Lansing Correctional
Facility; COLLETTE
WINKELBAUER, Classification Staff,
Lansing Correctional Facility; ANN
MCDOWELL, Lansing Correctional
Facility; WILLIAM CUMMINGS,
Assistant for the Secretary of
Corrections; MIKE NEVE, Deputy
Warden, Lansing Correctional Facility,
in their individual capacities,

      Defendants–Appellees.

No. 09-3203
(D.C. No. 5:04-CV-03204-JTM-DWB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Before **LUCERO**, **PORFILIO**, and **MURPHY,** Circuit Judges.

Michael Lee Strope, an inmate at the Lansing Correctional Facility proceeding pro se, appeals the district court's orders granting summary judgment in favor of the defendants on his claims brought under 42 U.S.C. §§ 1983 and 1985(3). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

*Background*

Mr. Strope alleged that defendants violated his First, Eighth, and Fourteenth Amendment rights by (1) failing to provide him with a varied and fresh kosher diet, (2) failing to afford him adequate time to consume his meals, (3) failing to release him from his cell for meals on several occasions, (3) failing to release him from his cell to attend religious services, (4) refusing to process his prison grievances, (5) imposing retaliatory sanctions, (6) treating him differently than other inmates, (7) denying him access to the courts, and (8) conspiring to violate his rights. Defendant Dorion was the prison food service director, employed by a private entity that contracted to provide meals to the prisoners.

[*](...continued)
therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Following a previous appeal, this case was remanded based on intervening Supreme Court precedent, *see Jones v. Bock*, 549 U.S. 199 (2007). *Strope v. McKune*, 227 F. App'x 738 (10th Cir. 2007).

Defendant McKune was the prison warden, defendant Cummings was the Secretary of Corrections' Designee, and the remaining defendants were staff members at the prison (collectively, the State defendants).[2]

At the district court's direction, defendants filed a *Martinez* report.[3] The State defendants later moved for summary judgment supported by an affidavit from each State defendant. Mr. Dorion separately filed a summary judgment motion, also supported by his affidavit. Mr. Strope opposed the motions, claiming disputed facts precluded summary judgment. In two separate orders, the district court granted the defendants' motions. Mr. Strope appeals, asserting that the district court failed to address many of his claims and contending that the court impermissibly decided factual disputes on summary judgment and instead relied on defendants' allegedly falsified responses to his grievances.

*Analysis*

"We review the grant of summary judgment de novo, applying the same standard the district court should apply under Fed. R. Civ. P. 56(c)." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (quotation omitted). For

---

[2]    Defendant Neve is deceased. The district court's grant of summary judgment to the other State defendants and this court's affirmance also apply to Mr. Strope's claims against Mr. Neve.

[3]    *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (per curiam) (approving order requiring prison officials to investigate facts surrounding inmate's civil rights action to construct an administrative record from which court may determine jurisdiction and assess frivolity).

dispositive issues on which the plaintiff will bear the burden of proof at trial, he must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted). "[E]vidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citation and quotations omitted). Because Mr. Strope is representing himself, we liberally construe his pleadings; however, we do not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Strope contends that the district court failed to address his claims 4, 5, 6, 9, and 10. His appellate brief does not identify any specific portions of his claims that were not addressed, however. Rule 28 of the Federal Rules of Appellate Procedure is applicable to pro se litigants and requires that a brief "contain more than a generalized assertion of error, with citations to supporting authority. When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation, quotations, and alteration omitted). Nevertheless, our comparison of his

complaint and the district court's analysis reveals that the court addressed those claims.

Mr. Strope also asserts that the district court accepted as true defendants' statements as to the disputed facts, despite his opposition to summary judgment controverting those statements. Although Mr. Strope made some specific allegations, such as the dates on which he missed a meal, the district court explained that such allegations did not state an Eighth Amendment claim. As for his remaining allegations, Mr. Strope's opposition failed to "set forth facts that would be admissible in evidence," because they presented only conclusory allegations. *See Hall*, 935 F.2d at 1111; *accord Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (holding "[p]laintiff's conclusory allegations are insufficient to put a material fact in dispute"). Accordingly, the district court was not required to accept Mr. Strope's statements as true and they were insufficient to demonstrate that there was a disputed issue of material fact sufficient to resist summary judgment.

We have carefully reviewed the record on appeal, the parties' briefs, and the applicable law. Applying the standards set out above, we affirm the district court's grant of summary judgment to the defendants for the reasons stated in the court's orders dated February 27, 2009, and June 30, 2009.

The district court granted Mr. Strope leave to proceed on appeal without prepayment of costs and fees.  He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge