83 F.3d 198
 Joseph L. STEPHENS and Inmate Workers of Arkansas
Correctional Industries; Stephen Caster; Jerrol
L. White; Charles Helloms; Reginald O.
Davis, Plaintiffs/Appellees,
v.
Charlie JOHNSON, Supervisor, Arkansas Correctional
Industries; Larry Norris, Acting Director, Arkansas
Department of Correction; Ray Hobbs, Warden, Wrightsville
Unit, Arkansas Department of Correction, Defendants,
Jerry Campbell, Administrator, Arkansas Correctional
Industries, Defendant/Appellant.
Joseph L. STEPHENS and Inmate Workers of Arkansas
Correctional Industries; Stephen Caster; Jerrol
L. White, Plaintiffs/Appellants,
Charles Helloms, Plaintiff,
Reginald O. Davis, Plaintiff/Appellant,
v.
Charlie JOHNSON, Supervisor, Arkansas Correctional
Industries; Larry Norris, Acting Director, Arkansas
Department of Correction; Ray Hobbs, Warden, Wrightsville
Unit, Arkansas Department of Correction, Defendants,
Jerry Campbell, Administrator, Arkansas Correctional
Industries, Defendant/Appellee.
 Nos. 95-1169, 95-1285.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 11, 1995.
Decided May 2, 1996.
Rehearing Denied June 25, 1996.
 
 Appeals from the United States District Court for the Eastern District of Arkansas; William R. Wilson, Judge.
 David R. Raup, Asst. Atty. Gen., argued. Sarah M. Slade, Asst. Atty. Gen., on brief, for appellant/cross-appellee Jerry Campbell.
 Loral Ashton Adock, Little Rock, AR, argued, for appellees/cross-appellants Joseph L. Stephens, et al.
 Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.
 WOLLMAN, Circuit Judge.
 
 
 1
 Jerry Campbell appeals the district court's entry of judgment on a jury verdict finding him liable for violating inmates' Eighth Amendment rights based on working conditions at a prison warehouse. Because we find that the evidence is insufficient to establish a constitutional violation, we reverse.
 
 I.
 
 2
 Jerry Campbell was Chief Administrator of the Arkansas Correctional Industry (ACI), a prison work program directed by the Arkansas Department of Correction (ADC). As part of the ACI work program, some inmates incarcerated at the Wrightsville Unit were assigned to work at the prison warehouse. Inmates assigned to the warehouse were in charge of moving materials and finished products, loading and unloading delivery trucks, and delivering furniture.
 
 
 3
 In February 1993, five[1] inmate workers brought suit against the ADC, ACI, Campbell, and other prison officials alleging that unsafe working conditions at the warehouse violated their Eighth Amendment right to be free from cruel and unusual punishment. After a three-day trial in September 1994, a jury found liability as to Campbell only and awarded each inmate $1 in compensatory damages and $10 in punitive damages. Campbell appeals the district court's order denying his motion for judgment as a matter of law or, in the alternative, a new trial. The inmates cross-appeal, contending that the district court erred in not granting injunctive relief and in denying their motion for a new trial on the issue of damages.
 
 II.
 
 4
 Although Campbell raises three issues on appeal, we find it necessary to rule only on his contention that the evidence is insufficient to support an Eighth Amendment violation.
 
 
 5
 In reviewing an evidence-insufficiency claim in the context of a motion for judgment as a matter of law, we must:
 
 
 6
 (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) affirm the denial of the motions if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.
 
 
 7
 Whitnack v. Douglas County, 16 F.3d 954, 956 (8th Cir.1994) (quoting Hastings v. Boston Mut. Life Ins. Co., 975 F.2d 506, 509 (8th Cir.1992)). In Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir.1991), cert. denied, 502 U.S. 1110, 112 S.Ct. 1212, 117 L.Ed.2d 450 (1992), we recognized that prison working conditions are subject to scrutiny under the Eighth Amendment. To succeed on an Eighth Amendment claim, the prisoner must first prove that the conditions challenged were "objectively, 'sufficiently serious.' " Farmer v. Brennan, --- U.S. ----, ----, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)). Secondly, the prisoner must prove that the prison official acted with a " 'sufficiently culpable state of mind.' " Id. (quoting Wilson, 501 U.S. at 297, 111 S.Ct. at 2323). In cases challenging prison conditions, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. (citing Wilson, 501 U.S. at 302-03, 111 S.Ct. at 2326-27). In other words, under this subjective component, the prisoner must prove that a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, --- U.S. at ----, 114 S.Ct. at 1981.
 
 
 8
 Each of the inmates testified about the working conditions at the warehouse. An examination of their testimony reveals the following main complaints: (1) inmates were not issued safety equipment such as hard hats, protective eyewear, back braces, and steel-toed boots; (2) the forklift had no backup warning beeper; (3) the forklift and trucks had mechanical problems; (4) inmates were lifted up on bare forks of the forklift to retrieve materials from high shelves; (5) inmates were required to climb onto high shelves to retrieve objects; (6) dollies used to move furniture did not have safety straps; (7) inmates were required to lift heavy furniture up stairs and into awkward places; (8) inmates had to obtain drinking water from the bathroom sink; (9) the trucks had no first aid kits; and (10) inmates did not receive safety training. The inmates alleged that they had complained to the employees at the warehouse about these conditions. No written grievances were ever filed, however.
 
 
 9
 Each inmate also testified that he had received various injuries while working at the warehouse. There was testimony that all of the inmates had injured their backs while lifting furniture. There were also complaints of knee injuries that occurred when the inmates jumped off trucks. The inmates also testified about hand and foot injuries they had received while working at the warehouse. Two of the inmates complained about getting dust in their eyes. Despite this testimony, there were no prison records documenting injuries received at the warehouse.
 
 
 10
 Even giving the inmates the benefit of all reasonable inferences, we believe that they have failed to establish that Campbell was deliberately indifferent to their health and safety. In the workplace safety context, we have held that mere negligence or inadvertence is insufficient to constitute deliberate indifference. Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir.1993) (citing Wilson, 501 U.S. at 305, 111 S.Ct. at 2327-28). See also Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S.Ct. 285, 291-92, 50 L.Ed.2d 251 (1976) (stating that deliberate indifference state of mind requires a showing of more than mere negligence).
 
 
 11
 In Bibbs, an inmate was injured when two of his fingers became entangled in the gears of an inker in a license plate facility. The inmate claimed that his Eighth Amendment rights were violated because the prison guards allegedly knew that the safety guards had been removed and failed to repair the machine. We held that the inmate essentially complained of negligence in the prison officials' failure to repair, and thus we found no constitutional violation. Bibbs, 943 F.2d at 27. Similarly, in Warren v. Missouri, 995 F.2d 130 (8th Cir.1993), an inmate who injured his wrist while operating a table saw at a prison furniture factory alleged that prison officials were deliberately indifferent by failing to add a safety device to the saw, despite knowledge of similar injuries that had occurred in the past. We held that even assuming that prison officials "had knowledge of the allegedly similar prior accidents ... this showing falls far short of creating a genuine issue of deliberate indifference to a serious issue of work place safety." Id. at 131.
 
 
 12
 Likewise, in the instant case, even assuming that Campbell was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety. To convert conduct that does not even purport to be punishment into conduct violative of the Eighth Amendment, "more than ordinary lack of due care for the prisoner's interests or safety" must be shown. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Simply failing to provide inmates who move furniture with steel-toed boots, protective eyewear, and hard hats, for example, does not establish a constitutional violation any more than failing to install a safety device on a saw despite knowledge of prior injuries. See Warren, 995 F.2d at 131.
 
 
 13
 Far from establishing an attitude of deliberate indifference to workplace safety on Campbell's part, testimony revealed that Campbell had had discussions with various prison officials regarding back braces, steel-toed boots, and a backup warning beeper for the forklift. In fact, the inmates did eventually receive back braces, and a backup warning beeper was installed on the forklift. Campbell also had a safety rail installed on an upper storage area in the warehouse. For security reasons, he decided against providing the inmates with steel-toed boots.
 
 
 14
 In short, the evidence as to the working conditions at the prison warehouse at most establishes that Campbell was negligent in not taking greater safety precautions than he did. Negligence, however, is not enough to establish a constitutional violation. See Choate, 7 F.3d at 1376. Because there was no such violation, we reverse the judgment, vacate the award of attorney fees, and direct the district court to enter judgment for Campbell.
 
 
 15
 HEANEY, Circuit Judge, dissenting.
 
 
 16
 I disagree that our precedents lead us to reverse on the basis that the evidence did not permit a reasonable jury to find that Campbell acted with deliberate indifference to the inmates' health and safety. More important, I believe that the Supreme Court's instruction in Farmer v. Brennan, --- U.S. ----, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), propels us to reach the opposite conclusion. Therefore, I respectfully dissent.
 
 
 17
 I agree with the majority that an inmate must show something more than negligence or inadvertence to successfully challenge prison conditions under the Eighth Amendment. Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir.1993) (citing Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327-28, 115 L.Ed.2d 271 (1991)). As the Supreme Court recently clarified, Eighth Amendment liability in the context of prison conditions requires a subjective consciousness of the risk on the part of the prison officials. Farmer v. Brennan, --- U.S. ----, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As the jury found, there is ample evidence in this record that the warehouse conditions were unreasonably dangerous and that Campbell was aware ofand disregarded--the substantial risk of harm to inmates.
 
 
 18
 The inmates testified at length about unsafe warehouse conditions including: inmates were routinely lifted up on the bare forks of the forklift and moved around the warehouse while in that position; furniture and other heavy items were precariously stacked to the ceiling overhanging high-traffic areas; forklifts and trucks had defects including nonworking brakes, broken lifts, and no warning devices; inmates were required to climb onto high shelves to retrieve objects; inmates were required to move large furniture using dollies too small for the job and without safety straps; inmates were required to lift objects too heavy for their physical ability; lack of safety equipment such as hard hats, protective eyewear, back braces, gloves, and steel-toed boots; inmates had no access to drinking water except at the bathroom sink; and inmates did not receive safety training or instruction on proper lifting techniques. In addition, the inmates described an atmosphere in which supervisors constantly demanded that the inmates work very quickly, make do with whatever materials were (or were not) available to assist them, and not complain. The evidence also permitted the jury to find that the inmates never filed written grievances because they feared retaliation by prison officials, such as loss of trusty status, segregation, and removal from the warehouse. According to the inmates' testimony, the warehouse job was a desirable one despite the harsh conditions because it afforded contact with the "free world" and was a stepping stone to parole.
 
 
 19
 Campbell, the Chief Administrator of ACI, had an office located five or six feet from the warehouse. He testified that he regularly walked through and made inspections of the warehouse. As the majority notes, Campbell ultimately made several safety improvements to the warehouse: providing inmates with back braces, installing a backup warning beeper on the forklift, and adding a safety railing to the upper storage area of the warehouse. From Campbell's testimony, the jury apparently drew inferences that were contrary to those drawn by the majority, namely, that Campbell had a subjective awareness of the unsafe warehouse conditions and that he could have taken precautions to correct them.
 
 
 20
 The majority relies heavily on two of our prior cases to reach the conclusion: "even assuming that Campbell was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety." Infra at 201. Neither Bibbs v. Armontrout, 943 F.2d 26 (8th Cir.1991), cert. denied, 502 U.S. 1110, 112 S.Ct. 1212, 117 L.Ed.2d 450 (1992), nor Warren v. Missouri, 995 F.2d 130 (8th Cir.1993), however, is factually analogous or legally equivalent to this case. Bibbs is readily distinguishable because the inmate's complaint alleged only negligence, and the record did not contain any evidence that the prison officials intentionally placed prisoners in a dangerous situation. 943 F.2d at 27. In Warren, we affirmed a grant of summary judgment in favor of prison officials where the inmate produced only marginal evidence that the officials might have known of prior similar accidents and no evidence to support a finding that the officials were deliberately indifferent to a serious issue of workplace safety. 995 F.2d at 131. After reviewing the full record in this case, including the transcript of a three-day trial, I fail to understand how this case is controlled by either Bibbs or Warren.
 
 
 21
 The Supreme Court specifically addressed the concern that the subjective requirement of an Eighth Amendment challenge in this context might permit prison officials to ignore obvious dangers to inmate health and safety. The Court explained:
 
 
 22
 [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.
 
 
 23
 Farmer, --- U.S. at ----, 114 S.Ct. at 1981 (internal citations omitted). Under the standards announced by the Court, the inmates in this case presented the jury with evidence which, if believed, supported a finding that prison officials were deliberately indifferent to the serious safety risks at the warehouse. Out of the four named defendants, the jury believed that Campbell was liable. Unlike my colleagues, I would respect that finding.
 
 
 
 [1]
 One inmate withdrew from the case prior to trial