# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3636

_____

| | | |
|---|---|---|
| Roland Davis, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri |
| Lt. Dorsey; Unknown Edwards, CO; | * | |
| City Jail Medical Staff; Carl Gilmore, | * | |
| City Jail Superintendent; Regional | * | |
| Hospital; Unknown White, Nurse at | * | |
| City Jail, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  August 6, 1997

Filed:  January 21, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Roland Davis, formerly a pretrial detainee confined at the St. Louis, Missouri City Jail (Jail), appeals from the final judgment entered in the United States District Court for the Eastern District of Missouri granting summary judgment in favor of Jail Superintendent Carl Gilmore, Lieutenant Dorsey, Correctional Officer Edwards, Jail

Nurse White, Jail medical staff, and the St. Louis Regional Medical Center. Davis brought this 42 U.S.C. § 1983 action after he fell in the Jail shower; he alleged defendants had ignored complaints about standing water in the shower, and also had responded with indifference to his requests for medical attention, which began the day after his fall. For reversal, Davis argues that genuine fact issues remain, and that he should be allowed to proceed to trial. For the reasons discussed below, we affirm in part and reverse in part, and remand to the district court for further proceedings.

Viewed in the light most favorable to Davis, the evidence--that is, the allegations in Davis's verified complaint, and defendants' submissions in support of summary judgment--establish the following. At approximately 8:30 a.m. on Friday, March 10, 1995, Davis fell while showering, hitting the back of his head and his left arm. He was not seen by medical staff immediately following his fall, but he was given three Tylenol for a developing headache. The next morning, Davis noticed that his head and elbow had been bleeding, and that he had a lump on his head; he felt pain throughout his body. When Davis told Edwards and Dorsey that he needed medical attention, Davis was given Tylenol, but neither Edwards nor Dorsey processed Davis's request form, or completed an incident report or any of the paperwork necessary for Davis to receive emergency medical attention over the weekend.

After having made repeated requests for medical care, Davis was first seen by a member of the Jail medical staff, Nurse White, on Wednesday, March 15. White, however, made disparaging remarks; accused Davis of faking his injuries; took Davis's blood pressure using his injured arm, despite his protest; and failed to clean his wounds, or to give him any medication. The next day Davis was seen at the Regional Medical Center, where a doctor examined him, took x-rays, and diagnosed mild soft tissue trauma to the head and neck. The doctor did not administer treatment, and sent him back to the Jail, recommending that Davis return if he experienced, among other things, loss of consciousness. Davis fainted in his cell the next day and was thereafter seen by White, who made further disparaging remarks, indicated Davis's injuries did

not look serious, gave him Motrin, and sent him back to his cell. Davis received subsequent treatment for his ongoing back, neck, and arm pain, and for headaches. He also developed involuntary head-shaking.

We conclude the district court correctly granted summary judgment in favor of defendants Gilmore and Regional Medical Center. Among other reasons, Davis's allegations against Gilmore focused on the faulty shower and amounted to a claim of no more than negligence on Gilmore's part, cf. Stephens v. Johnson, 83 F.3d 198, 200-01 (8th Cir. 1996) (prison official's knowledge of but failure to correct prison workplace safety problem may have constituted negligence, but did not establish constitutional violation), and Davis failed to rebut Regional's evidence that it was a private entity and did not act under color of state law in treating him, see Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).

Nevertheless, we reverse the district court's grant of summary judgment in favor of the remaining defendants, who utterly failed to address many of the allegations in Davis's verified complaint, and relied instead on Davis's medical records, the fact that he admitted he was ambulatory after his fall, and the attestations of another Jail nurse who believed, based on "the nature of [Davis's] injury and complaints," that his condition represented a non-emergency situation. Given the evidence contained in this record, viewed most favorably to Davis, we believe a jury could infer an intent to punish Davis based on these defendants' responses to his request for medical treatment. See Boswell v. Sherburne County, 849 F.2d 1117, 1120-21 (8th Cir. 1988) (noting it is unnecessary to decide whether Fourteenth Amendment affords pretrial detainees greater protection against denial of medical care than Eighth Amendment where plaintiff stated claims with enough particularity to defeat summary judgment under "deliberate indifference" standard), cert. denied, 488 U.S. 1010 (1989); cf. Green v. Baron, 879 F.2d 305, 309 (8th Cir. 1989) (jury may infer intent to punish if deprivations were not reasonably related to legitimate governmental purpose).

Accordingly, we affirm the grant of summary judgment in favor of Gilmore and Regional Medical Center, but reverse the grant of summary judgment in favor of the remaining defendants, and remand to the district court for further proceedings.

Davis's motion for appointment of counsel on appeal is denied, without prejudice to any motion for appointment of counsel he may file in the district court upon remand.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.