Danuel Lee JOHNSON, Plaintiff–Appellant,

v.

Donal CAMPBELL; Tom Mathis; James M. Davis, Defendants–Appellees.

No. 01–5631.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Danuel Lee Johnson, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Johnson sued Tennessee Department of Corrections Commissioner Donal Campbell; Warden James Malcolm Davis; Sergeant Tom Mathis; and Dr. Donald Fowler. Johnson alleged that the defendants violated his rights under the Eighth and Fourteenth Amendments when they: (1) caused him to be injured while he worked at a recycling center; and (2) did not provide adequate medical treatment for his injuries. The district court granted Johnson in forma pauperis status, screened the complaint, and dismissed it as frivolous. *See* 28 U.S.C. § 1915A.

In his timely appeal, Johnson argues that: (1) the district court incorrectly decided the facts and applied the wrong law; (2) the defendants acted with negligence or deliberate indifference by demanding that Johnson operate machinery without proper training; (3) defendant Fowler acted with negligence and deliberate indifference toward Johnson's medical needs; and (4) the Tennessee Department of Corrections provided inadequate medical treatment.

This court reviews de novo a judgment dismissing a suit as frivolous under 28 U.S.C. § 1915A. *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir.2000).

Upon review, we conclude that the district court properly dismissed Johnson's complaint under 28 U.S.C. § 1915A. Johnson alleged that on March 8, 2000, while working at a recycling center, his back, foot, and knee were injured when a customer pinned him between a vehicle and a trash compactor. He claimed that the defendants were negligent, did not train him to work with the equipment at the recycling center, and failed to supervise the inmates working there. Johnson did not, however, allege that the defendants knew of and disregarded the risk that actually caused his accident. At most, the defendants were negligent for allowing Johnson to work in conditions in which his accident was possible. Johnson cannot base an Eighth Amendment claim on mere negligence. *See Daniels v. Williams,* 474 U.S. 327, 333–36, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Stephens v. Johnson,* 83 F.3d 198, 200–01 (8th Cir.1996).

We also agree with the district court that Johnson's medical claim was frivolous. Johnson alleged that Dr. Fowler provided him with inadequate medical care after he was injured at the recycling center. Johnson was taken to the hospital on the day of the accident, was treated at a special needs facility during the spring and

summer of 2000, and had surgery in August 2000. He complained that he did not receive follow-up care, that Dr. Fowler did not prescribe pain medication, and that he was not returned to the special needs facility. Johnson's difference of opinion with Dr. Fowler over the adequacy of his treatment does not constitute a claim of deliberate indifference. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Johnson's complaint was frivolous because it lacked an arguable basis in law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.