# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3562

_____

Ronald W. Brewer,

        Appellant,

v.

Leonard Graves; Caldwell; Magat;
Sandra Caldwell; Kenneth Caldwell;
Alfonso F. Magat,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*       [UNPUBLISHED]
\*
\*
\*

_____

Submitted: October 4, 2005
Filed: October 10, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Ronald Brewer brought a 42 U.S.C. § 1983 action for damages against Warden Leonard Graves, Dr. Alfonso Magat, and Dr. Kenneth Caldwell (for whom Sandra Caldwell was substituted), claiming Eighth Amendment violations related to a serious eye injury he sustained on his prison job. The district court[1]

_____

[1]The Honorable Thomas J. Shields, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

granted summary judgment to defendants, and Mr. Brewer appeals. For the following reasons, we conclude that summary judgment was proper.

The record does not show that the medical care Dr. Magat and Dr. Caldwell provided Mr. Brewer was "'so inappropriate as to evidence intentional maltreatment.'" See Jolly v. Knudsen, 205 F.3d 1094, 1097 (8th Cir. 2000) (quoted case omitted). It is undisputed that he received immediate care for his injury, including an antibiotic ophthalmologic ointment, and ultimately received more extensive treatment, including a cornea transplant, at the University of Iowa Hospitals and Clinics (UIHC). That Mr. Brewer and his medical expert, Dr. Silberman, disagree with the course and timing of this treatment does not create a genuine issue of fact as to whether the doctors were deliberately indifferent to his serious medical needs. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (inmates have no constitutional right to particular course of treatment, and doctors are free to use their own medical judgment; mere negligence or medical malpractice is insufficient to rise to constitutional violation).

The doctors' refusal to refer Mr. Brewer to UIHC immediately following his injury does not create a genuine issue for trial, either. Mr. Brewer did not identify any policy requiring such a transfer; and, in any event, the violation of a prison policy does not in itself create section 1983 liability, see Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). Nor was there delay in his treatment rising to the level of an Eighth Amendment violation. Compare Hartsfield v. Colburn, 371 F.3d 454, 456-57 (8th Cir. 2004) (finding inmate created question of fact regarding prison officials' deliberate indifference where evidence showed inmate complained of tooth pain on October 20, but received no care until December 5), with Logan v. Clarke, 119 F.3d 647, 650 (8th Cir. 1997) ("Although the prison doctors may not have proceeded from their initial diagnosis to their referral to a specialist as quickly as hindsight perhaps allows us to think they should have, their actions were not deliberately indifferent."). Additionally, his expert's opinion that earlier diagnosis and treatment "may have

made a significant difference" does not constitute the requisite "verifying medical evidence" showing the delay in referral caused his subsequent loss of vision. See Dulany, 132 F.3d at 1241, 1243 (existence of alternate course of treatment that "may or may not" have been successful did not raise inference of deliberate indifference).

As to Warden Graves, he cannot be liable based solely on his responsibility to supervise the prison's operation. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). The absence of safety glasses at Mr. Brewer's worksite constitutes at most negligence, which cannot support a finding of deliberate indifference. See Stephens v. Johnson, 83 F.3d 198, 200-01 (8th Cir. 1996) (failure to provide inmates with steel-toed boots, protective eyewear, and other safety clothing at most established negligence, rather than constitutional violation).

Accordingly, we affirm the judgment of the district court.

_____