UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EDWARD CHARLES FRANKLIN,

Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; ROGER
WERHOLTZ, Secretary, Kansas
Department of Corrections, in his
individual capacity; DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility; L. E. BRUCE,
Warden, Hutchinson Correctional
Facility; KANSAS CORRECTIONAL
INDUSTRIES, Director, Prison Base
Industry, Lansing, Kansas; PRISON
HEALTH SERVICES; TRESA
SANDERSON, Prison Health Services
Admin; (FNU) HAUN; (FNU) NAIK,
Medical Doctors, Lansing Correctional
Facility; JEANNIE (LNU), Head
Nurse Med, Prison Health Services
Clinic, Lansing Correctional Facility;
PRISON HEALTH SERVICES,
Hutchinson Correctional Facility;
JANET MYERS, HSA, Prison Health
Services Clinic, Hutchinson
Correctional Facility; (FNU)
ALBERT; (FNU) WATSON, Medical
Doctor, Prison Health Services Clinic,
Hutchinson Correctional Facility;
IMPACT DESIGN EMBROIDERY,
Lansing Correctional Facility; R.
PRIOR, Warden, Lansing Correctional
Facility; R. BROWN, Captain, Shift

No. 05-3166
(D.C. No. 03-CV-3090-GTV)
(D. Kan.)

Supervisor, Lansing Correctional Facility; PEGGY FORTIER; MICHAEL M. CHMIDLING; J. FOX; HENRY COVINGTON, Lieutenants, Lansing Correctional Facility; R. THORTON, Lieutenant, Disciplinary Administrator, Lansing Correctional Facility; MARCELLE MCGOWEN, CSI, I & I, Lansing Correctional Facility; K. JACOBS; (FNU) NEEDHAM; G. MELVIN; J. K. JONES, CSI's, OIC, Lansing Correctional Facility; J. R. STYNZEL; J. VELASQUEZ; (FNU) CO II'S, LANSING CORRECTIONAL FACILITY, CO II's, Lansing Correctional Facility; (FNU) TINSLEY; (FNU) KARLIN; (FNU) CLARK, Colonels, Shakedown, Lansing Correctional Facility; (FNU) CHESNE; (FNU) BLACKETER; (FNU) DAVIDSON; (FNU) LAWSON; (FNU) SHELLER, Colonels, Lansing Correctional Facility; (FNU) WISE, Colonel, OIC Clinic Med, Lansing Correctional Facility; K. E. LAWRENCE; S. L. LAUN; R. JEWELL, Unit Team Managers, Lansing Correctional Facility; CASE MANAGEMENT COMMITTEE, Prison Health Services, Lansing Correctional Facility; JACKIE SULLIVAN; SHARON AMES; JUDY (LNU), Nurses, Prison Health Services, Lansing Correctional Facility; ANGELA GOERHING, HSA, Prison Health Services Clinic, Lansing Correctional Facility; RODD EGLI, Physicians Assistant, Prison Health

-2-

Services Clinic, Lansing Correctional
Facility; (FNU) HOANG, Doctor,
Prison Health Services Clinic, Lansing
Correctional Facility; RONALD A.
ARNEY, General Manager, Impact
Design Embroidery, Lansing
Correctional Facility; (FNU)
BOLLER; J. KOHEN, Unit Team,
Hutchinson Correctional Facility;
N. F. SHEETS, Unit Team, Lansing
Correctional Facility,

                Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

Edward Franklin appeals the dismissal of his civil rights complaint under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We **AFFIRM** the dismissal of Franklin's claims, but we **REMAND** to the district court to clarify the terms of dismissal of his state law claims.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I

At the times relevant to this action, Franklin was incarcerated at Lansing Correctional Facility (LCF) and Hutchinson Correctional Facility (HCF) in Kansas. In March 2001, while he was working in a prison job at LCF, Franklin injured his lower back. Over the next two years, he was examined and treated by various prison medical personnel. However, Franklin continued to complain of constant back pain, and he repeatedly requested to be referred to an outside specialist. His requests were refused.

On February 19, 2003, Franklin filed an action under 42 U.S.C. § 1983 against a myriad of defendants. The court ordered Franklin to show cause why his complaint should not be dismissed for failure to exhaust his administrative remedies. Franklin then filed a motion for leave to file supplemental complaint and a supplemental complaint. He also filed a formal response to the order to show cause, a motion requesting leave to amend the complaint, and a second amended complaint. This second amended complaint set forth claims alleging that prison officials failed to adopt policies and procedures for workplace safety training and inspection, claims alleging the breach of contracts to which Franklin was a third-party beneficiary, and claims concerning the continued denial of medical treatment by a specialist.

The district court granted Franklin's motion to amend his complaint and accepted the second amended complaint for filing. The court indicated that it had doubts about whether administrative remedies had been exhausted, but assumed for purposes of its decision that all claims had been exhausted. It then dismissed the complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915.

## II

We review a § 1915 dismissal for failure to state a claim de novo, accepting all allegations in the complaint as true and construing them in the light most favorable to the plaintiff. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id. As the district court's order does not state otherwise, we presume its dismissal was a dismissal with prejudice, especially here where Franklin sought to amend his original complaint several times.

Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust their administrative remedies prior to filing a complaint in court. Under 42 U.S.C. § 1997e(c)(2), a court may dismiss an action that fails to state a claim upon which

relief may be granted without considering exhaustion of administrative remedies. Like the district court, we proceed under 42 U.S.C. § 1997e(c)(2).

## A

Franklin states that he intended all of his various filings and amended complaints to add additional claims and theories and to "relate back" to his original complaint, and that he did not intend to drop claims and defendants by not including them in the second amended complaint, as assumed by the district court.

An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.  See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991); Gilles v. United States, 906 F.2d 1386, 1389 (10th Cir. 1990). Consequently, once the second amended complaint was accepted for filing, the district court did not err in examining only those claims that were included in Franklin's second amended complaint.

## B

Franklin sued Kansas, Kansas agencies or arms, and various individuals in their official and individual capacities, requesting monetary and injunctive relief from each defendant.  Well-settled law bars his claims against Kansas and its agencies or arms, his claims for money damages from Kansas employees in their official capacities, and his claims for injunctive relief.

The Eleventh Amendment generally bars suits in federal court against states and entities considered arms of the state. See Edelman v. Jordan, 415 U.S. 651, 663-64 (1974); Unified Sch. Dist. No. 480 v. Epperson, 583 F.2d 1118, 1121 (10th Cir. 1978). It also generally bars federal suits against state officers in their official capacities for money damages. Edelman, 415 U.S. at 663. Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Further, because Franklin has been transferred away from both LCF and HCF, his claims for injunctive relief are moot. See McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (stating that release from prison generally moots claims for injunctive relief); Love v. Summit County, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (indicating that the general rule applies to a transfer between prisons).

For these reasons, Franklin's § 1983 claims against Kansas and its agencies or arms, his claims for money damages from Kansas employees in their official capacities, and his claims for injunctive relief were properly dismissed. Thus, the only remaining claims are those for money damages against individuals, mostly Kansas employees sued in their individual capacities, and a non-governmental entity.

## C

Franklin argues that certain individual defendants were deliberately indifferent to his serious medical needs by refusing his requests to be seen by an outside specialist.[1] He contends that defendants' persistence in refusing the referral despite the ineffectiveness of other treatment constituted deliberate indifference.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). An Eighth Amendment claim of denial of medical treatment has both an objective and a subjective component. Id. Objectively, Franklin is required to show that the deprivation at issue was "'sufficiently serious.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Subjectively, Franklin must show that the officials had a culpable state of mind, that is, that they knew of and disregarded "'excessive risk to inmate health or safety.'" Id. (quoting Farmer, 511 U.S. at 837). "'[T]he official must both be aware of facts from which the inference could

---

[1] The defendants who are named in connection with this claim and are not immune from suit are Roger Werholtz, L.E. Bruce, Tresa Sanderson, Dr. Haun, Dr. Naik, Prison Health Services nurse Jeannie, Janet Myers, Dr. Albert, and Dr. Watson, all in their individual capacities.

be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837).

Franklin's claims of suffering severe pain for an extended period of time satisfy the objective component for the purpose of stating a claim. Id. at 755; see also Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001); Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). The subjective component, however, is not satisfied. Whether a specialist should be consulted is generally considered an exercise of medical judgment that is not subject to redress under the Eighth Amendment. See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992); see also Estelle v. Gamble, 429 U.S. 97, 107 (1976) (the "question whether . . . additional diagnostic techniques or forms of treatment [are] indicated is a classic example of a matter for medical judgment"). Of course, if "even a lay person would easily recognize the necessity for a [specialist's] attention," the failure to refer the patient could be actionable. Oxendine v. Kaplan, 241 F.3d 1272, 1278 (10th Cir. 2001) (quotation omitted). We do not believe that Franklin's pleadings support such an inference in this case.

Franklin complains that he was denied access to a back specialist for over two years. However, he discusses numerous doctor visits and various treatments that the prison doctors provided to relieve his pain. Franklin saw four different doctors and other medical personnel during his incarceration at LCF and HCF.

To the extent that Franklin quarrels with the treatment provided by prison medical staff, medical malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106. A difference of opinion between Franklin and the prison medical staff about medical treatment does not constitute deliberate indifference. See Perkins, 165 F.3d at 811. Finally, there is no indication that Franklin's condition obviously required unusual medical skill or ability, or that the prison medical personnel were incapable of attempting to treat Franklin in the first instance. Cf. Oxendine, 241 F.3d at 1278. Under these circumstances, the failure to refer Franklin to a specialist does not constitute deliberate indifference to his health or safety. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Ledoux, 961 F.2d at 1537; Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976).

**D**

Franklin argues that certain defendants' failure to provide any safety training or safety measures in connection with his prison job created an unreasonable risk of harm to him and that defendants disregarded that excessive risk to his health or safety, also in violation of the Eighth Amendment.[2]

---

[2] The defendants who are named in connection with this claim and are not immune from suit are Roger Werholtz, David R. McKune, and the Kansas Correctional Industries ("KCI") director at LCF, all in their individual capacities, as well as Impact Design Embroidery, Inc. ("IDEI") and IDEI's owner.

-10-

Prison workplaces, like other conditions of confinement, are covered by the Eighth Amendment. See Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993). Assuming without deciding for purposes of this appeal that the risk of which Franklin complains (the risk of a back injury from improperly lifting heavy objects) is objectively serious, we focus on the subjective component.

"In the work assignment context, prison officials are deliberately indifferent when they knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their health, or which is unduly painful." Choate, 7 F.3d at 1374 (quotations and alterations omitted). Franklin's allegations do not show that officials acted with deliberate indifference to his health or safety.

The Eighth Amendment generally does not constitutionally embrace workplace safety regulations. French v. Owens, 777 F.2d 1250, 1257 (7th Cir. 1985). A lack of workplace safety policies or training does not necessarily establish deliberate indifference. Stephens v. Johnson, 83 F.3d 198, 200-01 (8th Cir. 1996). At most, Franklin's allegations indicate that defendants may have negligently failed to ensure that inmates were informed of and used proper lifting techniques. Negligence does not rise to the level of an Eighth Amendment violation. See Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Stephens, 83 F.3d at 201; Choate, 7 F.3d at 1376.

**E**

Franklin asserts that he was a third-party beneficiary of certain contracts, and that, as such, he can assert claims for breach of contract for failure to comply with safety standards.[3] The district court declined to exercise supplemental jurisdiction over this issue.

We have held that "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" Bauchman ex rel. Bauchman v. West High Sch., 132 F.3d 542, 549 (10th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). We find no error in the decision to dismiss the breach of contract claims, but the dismissal should have clearly stated that it was a dismissal without prejudice. Thus, we find it necessary for the district court to clarify that this dismissal was without prejudice.

**III**

The judgment of the district court is **AFFIRMED**, but we **REMAND** for the district court to modify the judgment to state that Franklin's state law claims are dismissed without prejudice. Franklin is reminded of his obligation to continue making partial payments until he has paid the entire filing fee.

---

[3] Franklin asserts he is a beneficiary of contracts between the Kansas Department of Corrections ("KDOC") and KCI, between KDOC and IDEI, and between KCI and IDEI.

-12-

Entered for the Court


Carlos F. Lucero
Circuit Judge