# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4356

_____

Richard Delon Day, Jr.,                          *
                                                 *
            Appellant,                           *
                                                 *
    v.                                           *
                                                 *
Larry Norris, Director, Arkansas                 *
Department of Correction; Larry May,             *   Appeal from the United States
Deputy Director, Arkansas Department             *   District Court for the
of Correction; Ray Hobbs, Chief                  *   Eastern District of Arkansas.
Deputy Director, Arkansas Department             *
of Correction; M.D. Reed, Warden,                *        [UNPUBLISHED]
East Arkansas Regional Unit, ADC;                *
R.G. Lay, Warden, ADC; Marvin                    *
Evans, Warden, ADC; David White,                 *
Warden ADC; Kim Luckett, Assistant               *
Warden, ADC; Mike Huckabee,                      *
Governor of Arkansas; Arkansas Board             *
of Correction, Administrative Agency;            *
John Does, 1 (Food Service                       *
Administrator) and 2 (ADC dietician),            *
                                                 *
            Appellees.                           *

_____

Submitted: January 30, 2007
    Filed: February 26, 2007

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Richard Day appeals the district court's preservice dismissal, under 28 U.S.C. § 1915A, of his 42 U.S.C. § 1983 action in which he claimed violations of his rights under the Full Faith and Credit Clause and the Eighth Amendment.  We grant Day leave to proceed in forma pauperis.  After de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we affirm in part, and reverse and remand in part.

Dismissal was proper as to Day's claim that certain defendants violated his rights under the Full Faith and Credit Clause.  We agree with the district court that Day merely sought to obtain privileges enjoyed by prisoners in other state and federal facilities, but that Arkansas, where Day committed his crime, was competent to enact statutes and policies establishing the prison conditions for inmates who commit crimes within its borders.  Cf. Sun Oil Co. v. Wortman, 486 U.S. 717, 722 (1988) (Full Faith and Credit Clause does not compel state to substitute statutes of other states for its own statutes dealing with subject matter concerning which it is competent to legislate).

As to Day's Eighth Amendment claim that he was subjected to unsafe conditions because he was exposed to snakes and mosquitos, dismissal was also proper:  Day's allegations were insufficient to demonstrate that any defendant knew of and disregarded a substantial risk of serious harm to Day.  See Farmer v. Brennan, 511 U.S. 825, 828, 834, 837 (1994) (Eighth Amendment violated where prison officials are deliberately indifferent to a substantial risk of serious harm to inmate); Stephens v. Johnson, 83 F.3d 198, 200 (8th Cir. 1996) (mere negligence or inadvertence is insufficient to constitute deliberate indifference).

We conclude, however, that dismissal was premature with respect to Day's allegations that he was served a prison diet that did not provide him adequate

nutrition. Day alleged that he was often served meals which did not meet the standards of a 2,000-calorie diet plan; the food portions were small and the quality of food was nutritionally inferior; milk was served only at certain units; only 4 ounces of fruit juice was served and the vegetables were "often rotten" and "sometimes" contained dirt or other foreign objects; he was served powdered eggs which made him sick; and food service workers did not always wash their hands before food preparation, sometimes dripped sweat or purposefully placed other body fluids in the food, and were not adequately tested for communicable diseases. Day also alleged that, as a result of the inadequate diet, he had lost weight, was fatigued, and suffered hunger pangs and mental anguish. At this stage of the litigation, such allegations are sufficient to state an Eighth Amendment claim. See Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have right to nutritionally adequate food); Divers v. Dep't of Corr., 921 F.2d 191, 193-94 (8th Cir. 1990) (per curiam) (finding inmate's allegation of insufficient amounts of cold unappetizing food prepared from restricted menu and delivered through unsanitary food slots in cell doors not frivolous; reversing preservice dismissal to allow inmate chance to show diet insufficient to maintain health); Rust v. Grammar, 858 F.2d 411, 414 (8th Cir. 1988) (diet without fruits and vegetables might violate Eighth Amendment if it were regular prison diet); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (inmate's allegations of inadequate diet stated Eighth Amendment claim); cf. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that to state Eighth Amendment claim inmate must allege "he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet").

Accepting the allegations in Day's complaint as true, Arkansas Department of Correction defendants Food Service Administrator John Doe #1, dietician John Doe #2, Deputy Director Larry May, Chief Deputy Director Ray Hobbs, and Wardens M.D. Reed, R.G. Lay, Marvin Evans, David White, and Kim Luckett were aware that Day was receiving inadequate nutrition. See Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990) (supervisors can be liable for personal involvement in constitutional

violation, and may also be liable when their corrective inaction amounts to deliberate indifference to or tacit authorization of constitutionally violative practices); Martin, 780 F.2d at 1338 (to survive dismissal, prisoner need not plead more than that warden was directly involved in decision which created unconstitutional conditions). Accordingly, we reverse as to Day's inadequate-nutrition claim against these defendants. We affirm as to the other claims and the other defendants. We remand for further proceedings consistent with this opinion.

_____