**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 12, 2005**

**TENTH CIRCUIT**

BOBBY YOUNG,

      Plaintiff-Appellant,

  v.

KEITH WARREN, Doctor, Lansing
Correctional Facility; DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility; ROGER
WERHOLTZ, Secretary of
Corrections; PRISONER HEALTH
SERVICES, INC.; (FNU) (LNU), Eye
Doctor, Lansing Correctional Facility;
STATE OF KANSAS,

      Defendants-Appellees.

No. 05-3072

District of Kansas

(D.C. No. 04-CV-3415-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is
therefore submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Mr. Bobby Young, proceeding *pro se*, filed suit pursuant to 42 U.S.C. § 1983 against Dr. Keith Warren, the warden of Lansing Correctional Facility, the Secretary of Corrections, Prisoner Health Service, Inc., an unidentified eye doctor, and the State of Kansas. Mr. Young's complaint alleges that Dr. Warren and the staff of the Lansing Correctional Facility (LCF) committed medical malpractice and were deliberately indifferent to his medical condition when treating a number of problems that developed with Mr. Young's eyes during his incarceration at LCF. For the following reasons, we conclude that the district court properly dismissed Mr. Young's complaint for failure to state a claim upon which relief may be granted, and therefore **AFFIRM** the district court's decision.

## I. Background

As set forth in Mr. Young's opening brief and attached exhibit, the facts leading to the present appeal are as follows. On September 6, 2000, while incarcerated at LCF, Mr. Young underwent surgery to remove bullet fragments in his eye. Although Mr. Young alleges in his complaint that the fragments were located in his left eye, the operation was performed on his right eye. During his incarceration at LCF, Mr. Young was also diagnosed with cataracts. His vision progressively degenerated, and in 2003 he was referred to an ophthalmologist at the University of Kansas Medical Center (KUMC). The medical staff at KUMC diagnosed Mr. Young with an ulcer in the right eye that was likely caused by

bullet fragments and recommended surgical removal of the ulcer and cataracts. On April 28, 2003, Mr. Young underwent a second surgery on his right eye that removed the ulcer, cataracts, and blood vessel scarring from his right eye. Following this surgery, Mr. Young received several postoperative follow-up visits from the KUMC medical staff. It also appears that Mr. Young developed wet age-related macular degeneration in 2003.

Later that year Mr. Young was transferred to the El Dorado Correctional Facility (EDCF), where he continued to seek medical care because of continuing redness in his right eye. He claims he was told by the medical staff at EDCF that the "macula was gone" from his right eye and that there was scar tissue in his right eye. Subsequently, Mr. Young underwent an operation on his left eye to remove cataracts.

Mr. Young asserts that the September 2000 operation on his right eye was improper because the bullet fragments were in his left eye, and this improper operation on his right eye created scar tissue. Additionally, he asserts that while he was incarcerated at LCF between 2000 and 2002 he was falsely led to believe that his only medical condition was cataracts and the only treatment he received was a change in the prescription of his glasses. Finally, he asserts that he was never informed by the KUMC staff that his macula was gone or that there was scar tissue in his right eye.

Based on the foregoing facts, Mr. Young alleges two constitutional violations. First, he alleges a violation of the Eighth Amendment prohibition of cruel and unusual punishment arising out of the September 2000 operation that was improperly performed on his right eye, resulting in scarring and bleeding. Second, he alleges that the medical staff at LCF was deliberately indifferent to his medical needs when it allowed two years to elapse with no treatment other than a change of glasses.

Mr. Young filed a grievance with the Kansas Department of Corrections on March 18, 2004, alleging similar issues to those raised here. Mr. Young also brought this § 1983 action in federal court. The district court dismissed Mr. Young's suit for failure to state a claim upon which relief may be granted. In addition to appealing the district court's dismissal, Mr. Young also filed a separate Request for Injunctive Relief with this Court.

## II. Discussion

We review a district court's dismissal of a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). We accept as true the well-pleaded facts and allegations raised in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

In order to state a § 1983 claim, a plaintiff must "allege the violation of a

-4-

right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). We construe pleadings by a *pro se* party proceeding *in forma pauperis* liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

A cause of action is stated under § 1983 for a violation of the Eighth Amendment when a complaint evinces a "deliberate indifference to a prisoner's serious illness or injury" by prison officials. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). As we stated in *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999), "[d]eliberate indifference has both an objective and subjective component." The objective component is satisfied when the medical condition complained of is sufficiently serious, such that "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component is satisfied when the plaintiff establishes that the "defendant(s) knew [plaintiff] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Even accepting every allegation made by Mr. Young as true, we conclude that his allegations fail to establish a claim of deliberate indifference by either Dr. Warren or the LCF medical staff. It may be true that the September 2000 operation was performed on the incorrect eye, that Mr. Young's medical condition went improperly diagnosed for two years, and that as a result of the incorrect operation his right eye became scarred and began bleeding. However, as we held in *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999), a "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." The facts alleged in the complaint demonstrate that Mr. Young's eye problems repeatedly received attention from the medical staff, including multiple operations and a referral to a renowned university medical center. If mistakes were made, they were not the result of neglect.

Mr. Young's claim that Dr. Warren committed medical malpractice is directly foreclosed by our decision in *Perkins*. Even if his allegation is true, it does not rise to the level of a constitutional violation. The district court correctly held that this argument fails to state a claim under § 1983.

Mr. Young's claim that the LCF medical staff was deliberately indifferent to his serious medical condition when it did nothing more than change his glasses prescription from 2000 to 2002 similarly fails to state a constitutional claim. The

-6-

complaint indicates that although he received medical treatment during this period, such treatment was inadequate and contributed to his ongoing eye problems. However, a mere disagreement over a course of medical treatment does not give rise to a constitutional claim. *See Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). Consequently, the district court properly dismissed this argument for failing to state a claim.

Because we conclude that neither issue raised by Mr. Young states a claim of constitutional dimension, the judgment of the United States District Court for the District of Kansas is **AFFIRMED**. Mr. Young's separate request for injunctive relief is **DENIED**.

Appellant is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge