**UNITED STATES COURT OF APPEALS** **March 26, 2009**

**TENHT CIRCUIT**

LISA JANE GRAHAM,

        Plaintiff - Appellant,

v.

NATHAN VAN DYCKE, (FNU)
GREENE, (FNU) PATTERSON,
(FNU) BOYD, Correctional Officer,
(FNU) HAYBARKER, Correctional
Officers; (FNU) ESSMAN, Captain;
(FNU) RODGERS, Sargent; TARA
STIRTON, CCII; JERRY
MCDANIELS, UTM; RICHARD
KOERNER, Warden; LORI MEIERS,
Doctor, Correction Care Solutions;
STEVE MCCLENNAHAN; Mental
Health Counselor, Correct Care
Solutions; MIKE PRINGLE, Medical
Nurse, Correct Care Solutions,

        Defendants - Appellees.

No. 08-3193

(D. Kansas)

(D.C. No. 5:05-CV-03397-JTM-DWB)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MCKAY**, and **O'BRIEN**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lisa Jane Graham, a Kansas state prisoner proceeding pro se, brought a 42 U.S.C. § 1983 action in the United States District Court for the District of Kansas against corrections officers and private-contractor medical staffers at the Topeka Correctional Facility. She alleged that Defendants violated her constitutional rights by placing her in administrative segregation, subjecting her to a strip search in the process of removing her from her cell, and denying her access to medicine and a medical apparatus that she needed. The district court granted a motion to dismiss the claims against the corrections officers and later granted summary judgment in favor of the private-contractor medical staffers. Ms. Graham challenges both orders and also claims that the district court erred in (1) failing to grant her an immediate release; (2) refusing to seal its summary-judgment memorandum, which disclosed details of her medical history; (3) denying her discovery requests; and (4) failing to designate its initial dismissal order as a final judgment under Federal Rule of Civil Procedure 54(b), which would have allowed for immediate appeal. We have jurisdiction under 28 U.S.C. § 1291. We reject all her challenges and affirm.

## I.    BACKGROUND

Ms. Graham's lawsuit arises out of her placement in administrative segregation between June 10 and June 14, 2005. She was placed there after a June 10 confrontation with corrections officers over their alleged failure to

respond to assorted complaints that she had made regarding prison policies. The confrontation left her feeling, in her words, "very angry," R. Doc. 1 at 3, whereupon she then began demanding psychotropic drugs. In response, Dr. Lorelei Meier, a private-contractor psychologist, attempted to meet with Ms. Graham at her cell in the prison general population. Ms. Graham rebuffed this meeting, stating that she was going to "kick these m-f'ers ass." *Id.* Doc. 56-6 at 2 (Aff. of Lorelei Meier) (internal quotation marks omitted). That threat, combined with Ms. Graham's access to scissors and previous mental-health history, led Dr. Meier to believe that Ms. Graham was at risk of harming others and herself.

That same day, Ms. Graham was placed in administrative segregation, crisis-level three, which requires continuous observation by a staff member and placement in a separate area of the prison. An all-male team of corrections officers attempted to remove Ms. Graham from her cell. During the cell extraction, Ms. Graham remained passive and did not cooperate. Because of her lack of cooperation and to ensure that she did not harm herself, the officers cut off her clothing. She was then forced to wear a "paper gown," the prescribed attire in crisis-level-three administrative segregation.

Ms. Graham claims that during the removal process she suffered pain from the force used to restrain her. She also complains of the involvement of corrections officer Nathan Van Dycke, who, she alleges, had been involved with

her in prior "incidences I feel are inappropriate or in a sexual nature." *Id.*

Doc. 56-5 at 7 (Inmate Grievance Form).

Ms. Graham further alleges that during her stay in administrative segregation she experienced unsatisfactory conditions of confinement. In particular, she claims that on only four occasions did prison officials allow her to use her catheter to relieve her urinary retention, far less frequently than the two-to-four times a day that she requires. Furthermore, she claims that on the occasions that she was allowed to use her catheter, she had to do so while being observed by male officers.

## II.   DISCUSSION

### A.   Motion to Dismiss

We review de novo the district court's grant of the corrections officers' motion to dismiss. *See Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008). In doing so, "we must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted).

Although we must review Ms. Graham's pro se submissions liberally, *see Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007), her challenge to the dismissal is quite narrow. Her brief on appeal argues only that her Eighth Amendment strip-search claim, which alleged a violation because female officers were available to perform the search, should not have been

dismissed. We reject the contention. We agree with the district court that the corrections officers are entitled to qualified immunity because there is no clearly established law that such a search by male officers would violate the Eighth Amendment. Indeed, we are aware of no published federal appellate opinion so holding. We therefore affirm the district court's dismissal order.

**B.** **Summary Judgment**

The district court granted the private-contractor medical staffers' summary-judgment motion. We review a grant of summary judgment de novo to determine whether there is a genuine issue of material fact that bars the prevailing party's entitlement to judgment as a matter of law. *See Grynberg v. Total, S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008).

Once again, though pro se pleadings are liberally construed, Ms. Graham raises only two limited challenges. First, she claims that the district court erred in accepting the Defendants' statement of uncontroverted facts as true, even though she failed to dispute them in her response to their motion. Second, she claims that she created a triable issue of material fact by alleging that the government's *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (en banc) (per curiam), contained two affidavits submitted in bad faith (those of Dr. Meier and of shift supervisor Major Joseph P. Essman).

Neither argument suffices. Although a prison litigant may fend off summary judgment by producing evidence conflicting with that in the *Martinez*

report, or by alleging contradictory facts in a verified complaint based on personal knowledge, *see Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), Ms. Graham did neither. She produced no evidence, and she failed to challenge properly the assertions in the *Martinez* report and the summary-judgment motion, choosing instead to rely on the same vague allegations contained in her complaint. *See Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (a litigant's failure to "controvert the allegations of the *Martinez* report," relying instead on "conclusory allegations," is "insufficient to put a material fact in dispute"). We therefore affirm the district court's grant of summary judgment.

## C.    Immediate Release

Ms. Graham argues that the district court wrongly denied her the immediate release that she sought. But immediate release is not available relief under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## D.    Procedural Issues

We reject each of Ms. Graham's procedural challenges.

To begin with, she never raised before the district court her challenge that it should have sealed its summary-judgment memorandum to protect the confidentiality of her medical condition. Thus, we need not consider it. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 817 (10th Cir. 2008). Nor need we consider her claim that the district court erred in denying her requests for additional discovery. Although the district court denied her initial discovery

request, the denial was without prejudice "to plaintiff renewing her request, if necessary, after the *Martinez* report requested herein has been filed." R. Doc. 10 at 2–3 (Order). She never renewed her request after production of the report, so the district court had no opportunity to pass on the challenge she raises before our court. Ms. Graham's other discovery-related challenge is meritless. She claims that the government's failure to produce her medical records precluded the district court from determining whether she was in need of immediate medical assistance, but the government produced her medical records in conjunction with the *Martinez* report.

Ms. Graham's remaining contention on appeal is her challenge to the district court's refusal to grant her motions to enter final judgment after the dismissal order, which would have allowed for immediate appeal. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims." (emphasis added)). But we see no abuse of discretion here. *See Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994) (reviewing for abuse of discretion a district-court denial of request to certify under Rule 54(b)). We note that the district court granted summary judgment to the remaining Defendants, thus providing Ms. Graham a final appealable order, less than ten months after her first request for certification under Rule 54(b). It no doubt determined that an

immediate appeal would be an inefficient means of processing the case.  We therefore reject this procedural challenge.

## III.    CONCLUSION

We AFFIRM the judgment below.  We also DENY Ms. Graham's pending motions.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge